LUNSFORD DOLE PHILLIPS #4407
1620 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii 96813
Telephone: (808) 533-1734

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN SHAUGHNESSY | ) | CIVIL NO. 09-00090 HG/KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION : |
| vs. | ) | ORDER |
| | ) | |
| TERRY'S AUTUMN MOON | ) | |
| LOUNGE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS AND RECOMMENDATION

On June 23, 2009, the Plaintiff filed a MOTION FOR JUDGMENT BY DEFAULT that was granted on July 29, 2009, He was ordered to submit therewith findings and recommendations.

As alleged in his COMPLAINT and as not disputed by the Defendant despite numerous opportunities to do so, Plaintiff was discriminated against and prevented to enjoy and use the premises when he attempted to patronize Defendant's club located at 660 Ala Moana Blvd. in Honolulu.

Plaintiff subsequently filed and duly served Defendant with the COMPLAINT and SUMMONS, alleging its violation of Title III of the Americans With Disabilities Act, claiming he had been discriminated by Defendant's failure to remove architectural barriers. 42 U.S.C. § 12182 (b) (2) (A) (iv).

Defendant made no response to the Complaint, and at Plaintiff's request the clerk filed an Entry of Default on June 1, 2009. Although under no obligation to do so, Plaintiff mailed Defendant a file-stamped copy of the default. Defendant once again made no response.

On June 25, 2009, Plaintiff's Motion For Judgment By Default was recorded and was mailed to the Defendant. Without any objection to Plaintiff's motion having been made, the Court GRANTED the MOTION FOR JUDGMENT BY DEFAULT and hereby adopts these FINDINGS AND RECOMMENDATION.

The Court acknowledges that default judgments are disfavored and reaffirms that cases should be decided on the merits if possible. See In re Roxford Foods, Inc., 12 F. 3d 875, 879 (9th Cir. 1993). However, taking Plaintiff's allegations as true, cf. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977), the court must consider the following factors:

1. the prejudice to plaintiff;
2. the merits of the claims;
3. the sufficiency of the complaint;
4. the amount of money at stake;
5. the possibility the facts could have been disputed;
6. the existence of excusable neglect; and finally
7. the policy favoring decisions on the merits.

Cf. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered these factors, the Court FINDS:

1. Plaintiff will prejudiced by denying him entry of judgment;

2. Plaintiff's undisputed claims are deemed meritorious;

3. Plaintiff's pleading alleges his claim's essential elements;

4. Plaintiff's claim for money is small. H.R.S. §347-13.5 provides for a statutory minimum of $1,000.00 in damages where as here a place of public accommodation denies anyone equal opportunity to use and enjoy based on disability;

5. Defendant had repeated opportunities to dispute the facts;

6. No grounds for excusable neglect have been established; and

7. The policy against default judgments will not be contravened.

The Court notes that Plaintiff's Complaint sought a permanent injunction concerning Defendant's future operation of public accommodations although this MOTION expressly omits that prayer for relief. The Court FINDS that relief is inappropriate because it is too speculative. No record has been made that Defendant will operate any public accommodation in the future, that such public accommodation will violate the ADA or that Plaintiff will likely be injured.

Plaintiff's Motion seeks his litigation expenses, namely his attorney's fees and his lawsuit costs. See 42 U.S.C. § 12205. An award of attorney's fees must be based on a calculation based on a lodestar amount multiplied by the number of hours reasonably expended. See, generally, Fischer v. SJB-P.D., Inc., 214 F.3d 1115 (9th Cir. 2000) (discussing the calculation using the well-known Kerr factors). Giving due consideration to the applicable factors, the Court FINDS a lodestar of $275.00 per hour plus general excise tax as requested by Plaintiff's attorney, see Ex. B to counsel's declaration to the default judgment motion, is appropriate, noting this Court has found that lodestar was appropriate for Mr. Phillips in several ADA Title III cases, see. e.g., Parr v. Entertainment International, Inc,; USDC 06-00192 SPK/BMK. Moreover, the Court FINDS the number of attorney's hours

expended, see Ex. A to counsel's declaration to the default judgment motion, is reasonable and FINDS his claimed costs are also reasonable.

Accordingly the Court RECOMMENDS Plaintiff be awarded costs of $401.94 and attorney's fees with tax of $2,015.86, and statutory damages of $1,000.00 for a total of $3,417.80. In addition the Court RECOMMENDS that certain equitable relief be ORDERED, namely an injunction requiring that within ninety days Defendant pays the above amount and comes into full compliance with the ADA.

DATED: Honolulu, Hawaii, September 2, 2009

_/s/ Lunsford Dole Phillips_
LUNSFORD DOLE PHILLIPS
Attorney for Plaintiff

APPROVED AND SO RECOMMENDED:

_/s/ Kevin S.C. Chang_
HONORABLE KEVIN S.C. CHANG
UNITED STATES MAGISTRATE JUDGE